1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   DEBRA LYNN RANDELL,                    No. CIV S-07-2382-FCD-CMK

10            Plaintiff,

11        vs.                          <u>FINDINGS AND RECOMMENDATIONS</u>

12   RICHARD C. MARTIN, et al.,

13            Defendants.

14   _____/

15            Plaintiff, proceeding pro se, brings this civil action against several defendants.

16   Currently before the court is defendants' motions to dismiss (Docs. 8, 12, 13). Plaintiff did not

17   file an opposition. The hearing on this motion was taken off calendar pursuant to Local Rule

18   78-230(h).

19        **I.        BACKGROUND**

20            Plaintiff's complaint names Lake County Sheriff Mitchell, Lake County Superior

21   Court Judge Martin, and a Lake County Superior Court Clerk Mulka as defendants and alleges

22   seizure without a warrant or cause and the imposition of slavery upon her in violation of the

23   Thirteenth Amendment. Plaintiff, who paid the full filing fee, is not proceeding in forma

24   pauperis, so her complaint has not been screened by the court pursuant to 28 U.S.C. § 1915(e)(2).

25            Plaintiff's complaint alleges that Sheriff Mitchell seized her "without warrant or

26   cause and did hold her for $1000.00 (one Thousand) dollars bail." (Complaint at 3). She alleges

1

1  Judge Martin "while acting under the color of his office of judge in the Superior Court of

2  California in Lake county, did, absent any grant of authority by the jurisdiction of the court, make

3  the determination of his own jurisdiction over the person of Randell and ordered Randell to

4  appear and defend unspecified charges." (Id.)  Finally, she alleges that defendant Mulka "while

5  acting under the color of her office as clerk of the Superior Court of California in Lake county,

6  did, without any grant of authority by the jurisdiction of the court, purport to speak for the court

7  in an exercise of her own jurisdiction over the person of Randell." (Id.)

8             **II.     MOTION TO DISMISS**

9             The defendants move to dismiss plaintiff's complaint pursuant to the Federal

10 Rules of Civil Procedure, Rule 12(b)(1) and (6) for failure to state a claim, lack of subject matter

11 jurisdiction and judicial immunity.

12             A.     JUDICIAL IMMUNITY

13             Turning first to defendants Martin and Mulka's claims of judicial immunity, the

14 court notes defendant Martin is a judge in the Superior Court of Lake County and is sued in that

15 capacity.  Defendant Mulka is a clerk in the Superior Court of Lake County and is sued in that

16 capacity.  Plaintiff's complaint specifically states these defendants were "acting under the color

17 of [his/her] office" and they are being sued in that capacity.

18             Judges are absolutely immune from damage actions for judicial acts taken within

19 the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)

20 (per curiam).  This immunity is lost only when the judge acts in the clear absence of all

21 jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity

22 even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9,

23 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are

24 accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

25 This immunity extends to the actions of court personnel when they act as "an integral part of the

26 judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

As defendants Martin and Mulka are only being sued in their official capacities and the allegations arise from judicial acts taken within the jurisdiction of their court or acts which were an integral part of the judicial process, they are absolutely immune from damages. Plaintiff's only demand is monetary damages, for which defendants Martin and Mulka are immune. Therefore, defendants Martin and Mulka's motion to dismiss should be granted and this action dismissed as to these defendants without leave to amend.[1]

B.      FAILURE TO STATE A CLAIM

Next, defendant Mitchell moves to dismiss the complaint for failure to state a claim. In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the claim is and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197 (2007). Weighing a motion to dismiss, the question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007).

In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true. See Erickson, 127 S. Ct. at 2197. The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236; see also Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S.

---

[1]      As these defendants are covered by judicial immunity, their claim of lack of subject matter jurisdiction need not be addressed.

1   519, 520 (1972).

2         To determine whether a complaint states a claim upon which relief can be granted,

3 the court generally may not consider materials outside the complaint and pleadings.  See Cooper

4 v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

5 1994).  The court may, however, consider: (1) documents whose contents are alleged in or

6 attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

7 (2) documents whose authenticity is not in question, and upon which the complaint necessarily

8 lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

9 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

10 see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Under these standards, a statute of

11 limitations defense may be raised in a motion to dismiss.  Finally, leave to amend must be

12 granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v.

13 Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d

14 1122, 1126 (9th Cir. 2000) (en banc).

15         Defendant Mitchell brings his motion to dismiss on the basis that plaintiff fails to

16 state a claim against him.  Plaintiff's complaint fails to allege any facts in which defendant

17 Mitchell is accused of any personal wrong doing.  Plaintiff alleges defendant Mitchell "did seize

18 Randell without warrant or cause and did hold her for $1000.00 (one Thousand) dollars bail."

19 Plaintiff explains that she "was seized without warrant or cause by three deputies of sheriff

20 Rodney K. Mitchell of lake county California at Konocti resort in Lakeport."  (Complaint at 3).

21 These three deputies then allegedly transported her to the county jail and booked her "on

22 unspecified charges concerning battery and disturbing the peace."  (Id.)  She further alleges she

23 "was never informed of any rights that I may have had by either the deputies of sheriff Mitchell

24 or Richard C. Martin."  (Id. at 4).

25         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

26 connection or link between the actions of the named defendants and the alleged deprivations.

1   See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

4   omits to perform an act which he is legally required to do that causes the deprivation of which

5   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

6   conclusory allegations concerning the involvement of official personnel in civil rights violations

7   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

8   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

9   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

10          Supervisory personnel are generally not liable under § 1983 for the actions of their

11   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

12   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

13   violations of subordinates if the supervisor participated in or directed the violations, or had actual

14   knowledge of the violations and failed to act to prevent them.  See id.  When a defendant holds a

15   supervisory position, the causal link between him and the claimed constitutional violation must

16   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

17   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

18   involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v.

19   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20          Here, plaintiff fails to allege defendant Mitchell was personally involved in any

21   affirmative act, participated in another's affirmative acts, or had knowledge of any alleged

22   constitutional violations and failed to act to prevent them.  She alleges that defendant Mitchell

23   was the elected Sheriff of Lake County, but she does not allege that defendant Mitchell was

24   personally involved in, or even knew about, her arrest.  At best, her allegations regarding

25   defendant Mitchell are vague and conclusory, which are insufficient to state a claim under 42

26   U.S.C. § 1983.

1    However, leave to amend must be granted ". . . [u]nless it is absolutely clear that

2  no amendment can cure the defects." <u>Lucas</u>, 66 F.3d at 248.  Here, it is not absolutely clear that

3  plaintiff will not be able to cure the defects in her complaint in regards to defendant Mitchell.

4  Therefore, plaintiff should be allowed an opportunity to file an amended complaint prior to the

5  dismissal of the entire action.  If plaintiff chooses to file an amended complaint, she must specify

6  the personal involvement of defendant Mitchell and explicitly explain the constitutional

7  violations she alleges occurred based on his personal conduct.  In addition, she must address this

8  court's jurisdiction to hear this matter pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and

9  <u>Wallace v. Kato</u>, 549 U.S. 384 (2007).

10    **III.    CONCLUSION**

11    Based on the foregoing, the undersigned recommends that the motions to dismiss

12  (Docs. 8, 12, 13) be granted, defendants Martin and Mulka be dismissed from this action, and

13  plaintiff's complaint be dismissed with limited leave to amend as to defendant Mitchell.

14    These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations."  Failure to file objections within the specified time may waive

19  the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20

21   DATED:  December 24, 2008

22

23                                          **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE
24

25

26